United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-10587-amc |
| Anthony Devero | Chapter 13 |
| Lakesha S. Devero | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 01, 2021 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Anthony Devero, Lakesha S. Devero, 3843 Albemarle Avenue, Drexel Hill, PA 19026-2801 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Dec 02 2021 00:00:06 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 1

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Dec 03, 2021 | Signature: | /s/Joseph Speetjens |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| REBECCA ANN SOLARZ | |
| | on behalf of Creditor MidFirst Bank bkgroup@kmllawgroup.com rsolarz@kmllawgroup.com |
| REBECCA ANN SOLARZ | |
| | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | |
| | ECFMail@ReadingCh13.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 01, 2021 | Form ID: pdf900 | Total Noticed: 2 |

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

ZACHARY PERLICK
    on behalf of Debtor Anthony Devero Perlick@verizon.net  pireland1@verizon.net

ZACHARY PERLICK
    on behalf of Joint Debtor Lakesha S. Devero Perlick@verizon.net  pireland1@verizon.net

TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Devero<br>Lakesha S. Devero aka Lakiesha S. Graham<br><br>Debtors | CHAPTER 13 |
| MIDFIRST BANK<br>Movant<br>vs. | NO. 20-10587 AMC |
| Anthony Devero<br>Lakesha S. Devero aka Lakiesha S. Graham<br><br>Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,354.37** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2021 to November 2021 in the amount of $1,188.91/month |
| Suspense Balance: | $23.45 |
| **Total Post-Petition Arrears** | **$2,354.37** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a). Within fourteen (14) days of the Court approval of this Stipulation, Debtor shall make October's payment in the amount of **$1,188.91.**

b). Beginning on December 1, 2021 and continuing through May 1, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,188.91** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$194.25 from December 2021 to April 2022 and $194.21 for May 2022** towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank
999 NorthWest Grand Boulevard
Oklahoma City, OK 73118

        c).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 10, 2021                   By: /s/ Rebecca A. Solarz, Esquire
                                                          Attorney for Movant

Date: 11-18-21                               Zachary Perlick, Esquire

Attorney for Debtors

Date: *November 29, 2021*　　　　　　　　　/s/ Ann E. Swartz, Esquire, for
　　　　　　　　　　　　　　　　　　　　　　Scott F. Waterman, Esquire
　　　　　　　　　　　　　　　　　　　　　　Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

**Date: December 1, 2021**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Bankruptcy Judge
　　　　　　　　　　　　　　　　　　　　　　Ashely M. Chan