United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                  Case No. 20-10587-amc
Anthony Devero                                                                          Chapter 13
Lakesha S. Devero
     Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2
Date Rcvd: Apr 30, 2025     Form ID: 3180W     Total Noticed: 18

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 02, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Anthony Devero, Lakesha S. Devero, 3843 Albemarle Avenue, Drexel Hill, PA 19026-2801 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | May 01 2025 00:29:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | May 01 2025 04:20:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14489296 | + | EDI: ATTWIREBK.COM | May 01 2025 04:20:00 | AT&T Mobility II LLC, %AT&T SERVICES INC., KAREN A. CAVAGNARO PARALEGAL, ONE AT&T WAY, SUITE 3A104, BEDMINSTER, NJ. 07921-2693 |
| 14478640 | + | EDI: COMCASTCBLCENT | May 01 2025 04:20:00 | COMCAST, PO BOX 1931, Burlingame, CA 94011-1931 |
| 14465483 | + | EDI: AIS.COM | May 01 2025 04:20:00 | Capital One Bank (USA), N.A., 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 14459850 | | EDI: IRS.COM | May 01 2025 04:20:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 14487127 | | EDI: JEFFERSONCAP.COM | May 01 2025 04:20:00 | Jefferson Capital Systems LLC, Po Box 7999, Saint Cloud Mn 56302-9617 |
| 14492757 | + | EDI: AISMIDFIRST | May 01 2025 04:20:00 | MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 14485061 | + | Email/Text: bankruptcydpt@mcmcg.com | May 01 2025 00:29:00 | Midland Funding LLC, PO Box 2011, Warren, MI 48090-2011 |
| 14459856 | ^ | MEBN | May 01 2025 00:21:47 | P.G.W., 800 W. Montgomery Ave., Philadelphia, PA 19122-2898 |
| 14481864 | | EDI: PRA.COM | May 01 2025 04:20:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk VA 23541 |
| 14468862 | | Email/PDF: resurgentbknotifications@resurgent.com | May 01 2025 00:52:07 | Pinnacle Credit Services, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14479931 | + | Email/Text: bankruptcy1@pffcu.org | May 01 2025 00:28:00 | Police and Fire Federal Credit Union, Greenwood One, 3333 Street Road, Bensalem, PA 19020-2022 |
| 14488067 | + | EDI: JEFFERSONCAP.COM | | |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Apr 30, 2025 | Form ID: 3180W | Total Noticed: 18 |

| | | | |
|---|---|---|---|
| | | May 01 2025 04:20:00 | Premier Bankcard, Llc, Jefferson Capital Systems LLC Assignee, Po Box 7999, Saint Cloud Mn 56302-7999 |
| 14485545 | EDI: Q3G.COM | | |
| | | May 01 2025 04:20:00 | Quantum3 Group LLC as agent for, Cognical Holdings Inc., PO Box 788, Kirkland, WA 98083-0788 |
| 14471139 | + Email/Text: enotifications@santanderconsumerusa.com | | |
| | | May 01 2025 00:29:00 | Santander Consumer USA Inc., P.O. Box 961245, Fort Worth, Tx 76161-0244 |
| 14489544 | Email/PDF: BankruptcynoticesCCSBKOperations@wellsfargo.com | | |
| | | May 01 2025 01:09:10 | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |

TOTAL: 17

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 02, 2025                                  Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor MidFirst Bank bkgroup@kmllawgroup.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor Upper Darby Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| JOHN ERIC KISHBAUGH, I | on behalf of Creditor MidFirst Bank ekishbaugh@kmllawgroup.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| ZACHARY PERLICK | on behalf of Debtor Anthony Devero Perlick@verizon.net pireland1@verizon.net;esquire.zacharyp.b123075@notify.bestcase.com |
| ZACHARY PERLICK | on behalf of Joint Debtor Lakesha S. Devero Perlick@verizon.net pireland1@verizon.net;esquire.zacharyp.b123075@notify.bestcase.com |

TOTAL: 8

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Anthony Devero<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–4150<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | Lakesha S. Devero<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3137<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of Pennsylvania | | |
| Case number:   20–10587–amc | | |

## Order of Discharge                                                                                                         12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Anthony Devero                               Lakesha S. Devero
                                                                                            aka Lakiesha S. Graham

<u>4/29/25</u>                                                         **By the court:** <u>Ashely M. Chan</u>
                                                                                                                 United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**